**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John D Karna,<br><br>        Plaintiff,<br><br>v.<br><br>Sean Ross, et al.,<br><br>        Defendants. | No. CV-23-00401-TUC-JGZ<br><br>**SCREENING ORDER** |

On January 14, 2024, pro se Plaintiff John Karna filed a Second Amended Complaint asserting violations of 42 U.S.C. § 1983, the First and Fourteenth Amendments, and claims for breach of contract and negligence, against Defendants Tucson Unified School District (TUSD) and Sean Ross, Executive Director of the Arizona State Board of Education, in his individual capacity. (Doc. 44.) Because the Court granted Plaintiff's application to proceed in forma pauperis, the Court must screen the complaint. 28 U.S.C. §1915(e)(2)(B)(ii). Upon screening, the Court concludes Plaintiff has alleged a breach of contract claim in Count VIII. The remaining counts will be dismissed, and the case remanded to state court.

**I.     Screening**

Section 1915(e)(2)(B)(ii) provides for dismissal of a Complaint filed in forma pauperis if the Court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In order to survive dismissal for

failure to state a claim, a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id*. at 555. Indeed, Fed. R. Civ. P. 8(a)(2) requires a showing that a plaintiff is entitled to relief "rather than a blanket assertion, of entitlement to relief." *Id.* at 555, n.3. The complaint "'must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right to action.'" *Id*. at 555 (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235–236 (3d ed. 2004)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (interpreting Rule 8(a) and explaining that there must be specific, non-conclusory factual allegations sufficient to support a finding by the court that the claims are more than merely possible, they are plausible).

When assessing the sufficiency of the complaint, all well-pleaded factual allegations are taken as true and construed in the light most favorable to the plaintiff, *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018), and all reasonable inferences are drawn in the plaintiff's favor as well. *Caltex Plastics, Inc. v. Lockheed Martin Corp.,* 824 F.3d 1156, 1159 (9th Cir. 2016). Pro se filings must be construed liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Nonetheless, the court will not accept as true conclusory legal allegations cast in the form of factual allegations. *Iqbal,* 556 U.S. at 578.

Finally, if the court determines that dismissal is appropriate, the plaintiff must be given at least one chance to amend a complaint when a more carefully drafted complaint might state a claim. *Cook, Perkiss and Liehe, Inc. v. Northern Cal. Collection Serv.* 911 F.2d 242, 247 (9th Cir. 1990) ("district court should grant leave to amend [the complaint] even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."). When dismissing with

leave to amend, the court is to provide reasons for the dismissal so a plaintiff can make an intelligent decision whether to file an amended complaint. *See Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962).

## II.  Factual Allegations[1]

Plaintiff served as a teacher in the Amphi School District. During his employment, the Arizona State Board of Education (State Board) received a complaint that Plaintiff had made a racist remark to a student.[2] (Doc. 44 at 6-7, 12) On June 15, 2021, Defendant Sean Ross, Executive Director of the State Board, sent a notice to Arizona school districts that Plaintiff was under investigation. (*Id.* at 5.)

At a July 25, 2021, job fair held by TUSD, Plaintiff was offered a written contract for a full-time teaching position at Pistor Middle School for the 2021-2022 school year. (*Id.* at 5, 10.) The contract was approved by TUSD Human Resources, but rescinded by TUSD the same day. (*Id.* at 5, 10.) Plaintiff alleges the "contract was violated" when the State Board sent notice that Plaintiff was under investigation. (*Id.* at 11.)[3] Kevin Navarro, an investigator for State Board, told Plaintiff the cancellation of the contract was "unfortunate." (*Id.* at 5.)

Plaintiff applied for other teaching jobs in the Tucson area, but Ross's notice that Plaintiff was under investigation caused several other schools to reject Plaintiff's applications out of hand. (*Id.* at 5.) Plaintiff alleges that the notice also caused him to have a stroke. (*Id.* at 11-12.)

On November 15, 2023, Defendant Ross called and held a hearing of the

---

[1] The factual allegations in the second amended complaint are not organized chronologically and are sometimes difficult to follow. The Court has compiled the facts, as it understands them, from all parts of the complaint.

[2] According to Plaintiff, he told a student, "I'm going to make a prediction on your life, you're going to end up in jail before you are sixteen years old," to encourage the student to do his schoolwork. (Doc. 44 at 12.)

[3] Arizona law requires school districts to conduct a search of prospective employees on the educator information system that is maintained by the Department of Education before employing a certificated or noncertificated person. A.R.S. § 15-505(C) (amended 2024).

Professional Practice Advisory Committee (PPAC) to consider whether to cancel, suspend, or censure Plaintiff's substitute teaching certificate. (*Id*. at 6.) Plaintiff demanded that the PPAC recommend to the State Board that the complaint against him be dismissed with prejudice; the notices sent to the schools be rescinded; and new notices be sent to the schools. (*Id.*) Instead, the PPAC recommended that the State Board censure Plaintiff's certificate of substitute teaching with the condition of successful completion of the NSAD TEC prevention and corrections course. (*Id*. at 6-7.) The PPAC recommendation was signed by John Schell, PPAC Chairperson. (*Id.* at 7.) The PPAC determined censure was the appropriate remedy based on finding, as an aggravating factor, that Plaintiff refused to acknowledge the wrongful nature of his conduct. (*Id*. at 6.)

The State Board met on January 22, 2024. (*Id.* at 6.) Plaintiff attended the hearing. (*Id.* at 7.) Plaintiff informed the Board that the PPAC recommendation was erroneous because he had admitted his statement to the student was wrong and that he should have had a private counseling session with the student. (*Id*. at 6-7.) Prior to the hearing, Plaintiff also wrote a letter to Board members and the Superintendent of Education, explaining why he believed PPAC's recommendation was arbitrary and capricious. (*Id.* at 7-8.) Plaintiff requested that the Board reject the PPAC's recommendation, rescind notices to school districts that Plaintiff is under investigation, and close the case with prejudice. (*Id.* at 8.)[4]

### III. Discussion

#### A. Federal Claims: Section 1983

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). A plaintiff "must allege facts, not simply conclusions, that

---

[4] From the State Board's webpage, it appears that, at the hearing, the Board accepted PPAC's recommendation for censure. *See* https://azdbe.az.gov/education-discipline/discipline-search (last visited April 25, 2024).

show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

1. Due Process claims – Counts I through IV

In Counts I through IV, Plaintiff asserts procedural due process claims. (*Id.* at 5-8.) The Due Process Clause of the Fourteenth Amendment "provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). "In order to state a claim under the fourteenth amendment, the complainant must allege facts showing not only that the State has deprived him of a ... property interest but also that the State has done so without due process of law." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.,* 149 F.3d 971, 983 (9th Cir. 1998). The Due Process analysis requires two steps: first, a court must determine whether the plaintiff had a protected property interest in his continued employment; second, a court must determine whether, in being deprived of that property interest, the plaintiff received all the process that was due. *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 331 (9th Cir. 1995); *see also Hufford v. McEnaney*, 249 F.3d 1142, 1150 (9th Cir. 2001) ("A procedural due process claim consists of two elements: (1) deprivation of a constitutionally protected liberty or property interest, and (2) denial of adequate procedural protections.").

In Count I, Plaintiff alleges Defendants Ross and TUSD deprived him of his emergency certification license, "a property right for public school teaching." (Doc. 44 at 5.) Plaintiff's allegations are insufficient to state a procedural due process claim. First, TUSD holds a property interest in an emergency certification license, not Plaintiff.[5]

---

[5] Plaintiff alleges TUSD had obtained an emergency certification to hire a teacher who could teach science at Pistor Middle School. (Doc. 44 at 5.) Emergency certificates may be issued at the request of a district or charter school superintendent when an emergency employment situation exists. *See* https://www.azed.gov/educator-certification/forms-and-

Plaintiff had, and apparently still has, a substitute teaching certification. Neither TUSD nor Ross deprived Plaintiff of his certification. Second, although Plaintiff alleges Defendant Ross was involved in investigating, calling for an evidentiary hearing, and making recommendations regarding his teaching certificate, Ross lacked the authority to determine what conditions, if any, should be placed on Plaintiff's teaching certificate – that power was designated to the State Board, which did make such a determination. Plaintiff does not allege that Ross engaged in deception or made false statements; rather, it appears from the allegations in the complaint that Plaintiff merely disagrees with Ross's involvement in the investigation and recommendation to the Board. Finally, Plaintiff fails to allege facts showing that he was entitled to any greater procedural protections than those he was afforded. Plaintiff received notice of the complaint against him and an opportunity to be heard as the allegations.

Plaintiff fails to state a claim against Ross in Count II. Plaintiff alleges Ross "called and organized the PPAC hearing on November 15, 2023, to cancel, suspend, or censure Plaintiff Karna's certificate of substitute teaching, a property right." (Doc. 44 at 6.)[6] These actions are consistent with Ross's position and responsibilities in investigating claims of misconduct and presenting the claims to the State Board. Plaintiff's disagreement with Ross's conclusions and recommendations does not establish a violation of due process. Plaintiff also alleges "Ross did not timely call an evidentiary hearing as to the recission of the Pistor Middle School contract and the rejections of job applications to Arizona Public and Private schools." (Doc. 44 at 6.) Nothing in the complaint plausibly suggests that Ross had a due process obligation to set an evidentiary hearing regarding TUSD's recission of the contract or other schools' rejection of Plaintiff's applications for employment. Ross called and organized a PPAC hearing

---

information/emergency-certificates#:~:text=The%20Emergency%20Substitute%20Certificate%20entitles,same%20school%20per%20school%20year (last accessed April 25, 2024).

[6] Plaintiff's additional allegation that Ross "prevented the testimony" of Navarro at the Board of Education hearing on hearsay grounds does not allege a due process violation.

related to the censure of Karna's teaching certificate. (*Id.*) Plaintiff fails to show that he was entitled to any additional evidentiary hearing than the one provided. "The judicial model of an evidentiary hearing is neither a required, nor even the most effective, method of decision[-]making in all circumstances." *Mathews v. Eldridge*, 424 U.S. 319 (1976).

Plaintiff's allegations in Count III, that Ross ignored Plaintiff's recommendation that the State Board reject the PPAC's recommendation, fail to state a claim. Plaintiff's allegations do not show that he suffered a deprivation of a constitutionally protected liberty or property interest or the denial of adequate procedural protections. Plaintiff does not have a due process interest in Ross's recommendation and Plaintiff was given notice of the allegation against him and an opportunity to be heard.

For the same reason, Plaintiff fails to state a due process claim in Count IV, which alleges Ross violated Plaintiff's due process rights by "recommend[ing] to the State Board of Education to censure Plaintiff Karna's certificate of substitute teaching, a property right," and that Ross refused Plaintiff's demand that the PPAC recommend that the "Complaint [be] dismissed with prejudice." (Doc 44 at 7.) Defendant Ross is not a final decision maker in the State Board investigatory process. Therefore, Plaintiff fails to show an affirmative link between Ross's actions and his purported injury.

2. First Amendment claim – Count XII

In Count XII, Plaintiff alleges that Defendant Ross violated his First Amendment right to free speech by recommending to the State Board "regulating" Plaintiff's comment to the complaining student.[7] (*Id.* at 12.) "In order to state a claim against a government employer for violation of the First Amendment, an employee must show (1) that he or she engaged in protected speech; (2) that the employer took 'adverse employment action'; and (3) that his or her speech was a "substantial or motivating" factor for the adverse employment action." *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003). Plaintiff fails to allege facts sufficient to establish the first or second elements.

---

[7] Presumably, Plaintiff is alleging that he was investigated and/or disciplined in violation of the First Amendment for his comment to the student.

- 7 -

To meet the first element, an employee must show that "the employee spoke as a citizen on a matter of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 410 (2006). An employee speaks as a private citizen if his speech was not made pursuant to his ordinary job duties. *Lane v. Franks*, 573 U.S. 228, 240 (2014). Here, Plaintiff spoke to the student, regarding his failure to complete homework, in his capacity as an employee of the school. Plaintiff's conclusory allegation that he was not acting pursuant to his official duty as a science teacher does not negate the factual allegations which, on their face, show that Plaintiff was fulfilling his duties as a teacher. *See Connick v. Myers*, 461 U.S. 138, 147 (1983) ("when a public employee speaks not as a citizen upon matters of public concern…a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken…in reaction to the employee's behavior."). In addition, Plaintiff's allegations do not show that Ross had the authority to take an adverse employment action against him. Ross's recommendations were recommendations. Therefore, Plaintiff fails to state a First Amendment claim.

B. State Law Claims

1. Negligence - Counts V, VI & VII

In Counts V, VI, and VII, Plaintiff alleges that Defendant Ross's negligent conduct caused Plaintiff injury. To establish a claim for negligence in Arizona, Plaintiff must prove four elements: (1) duty to conform to a certain standard of care; (2) a breach of that duty of care; (3) a causal connection between the breach of duty; and (4) actual damages. *Gipson v. Kasey*, 214 Ariz. 141, 143 (2007). In Arizona, the first factor, the duty to conform to a certain standard of care, is decided by the court. *Markowitz v. Arizona Parks Bd.*, 146 Ariz. 352, 356 (1985). "Duty is defined as an obligation, recognized by law, which requires the defendant to conform to a particular standard of conduct in order to protect others against unreasonable risks of harm." *Gipson*, 150 P.3d at 230 (internal quotation marks omitted). Counts V, VI, and VII will be dismissed for failure to state a claim.

In Count V, Plaintiff alleges that Defendant Ross owed a duty of care to investigate the complaint and that he failed to exercise reasonable care. (Doc. 44 at 9.) It is not clear whether Plaintiff is alleging Ross did not investigate the complaint or that Plaintiff disagrees with the manner of Ross's investigation. Under either scenario, Plaintiff fails to state a claim for negligence. Assuming Ross individually owed Plaintiff such a duty, it is clear from the other factual allegations that Plaintiff was, in fact, under investigation by at least June 2021. (*Id.* at 5.) A disagreement with the manner of the investigation does not breach a duty of care owed to Plaintiff.

In Count VI, Plaintiff alleges that Defendant Ross owed Plaintiff a duty *not* to call and organize the PPAC hearing regarding the censure of his teaching license. (Doc. 44 at 9.) Under Arizona law, the State Board of Education is required to investigate allegations of unprofessional conduct, A.C.D. R7-2-1302(G), and to hold a hearing before the PPAC. A.C.D. R7-2-1303(C). Plaintiff's contention that Defendant Ross had a duty to *not* call a PPAC hearing is contrary to law.

In Count VII, Plaintiff alleges that Defendant Ross breached a duty of care by *not* recommending to the Board that Plaintiff's certificate of student teaching continue without conditions. (Doc. 44 at 10.) Under Arizona law, after hearing evidence, the PPAC must prepare a recommended decision and findings of fact and conclusions of law for the Board. Ariz. Admin. Code R7-2-717(A). Neither Ross, nor the PPAC, were obligated to Plaintiff to make a particular recommendation to the Board. That Plaintiff does not agree with the PPAC's recommendation does not provide a basis for a negligence claim.

2. Breach of Contract

In Count VIII, Plaintiff alleges that TUSD breached a contract for employment that was signed on or about July 25, 2021. (*Id.*) In Arizona, a claim for breach of contract requires proof: (1) that a contract existed; (2) a breach of that contract by the defendant; and (3) that the plaintiff was damaged by the breach of contract. *Frank Lloyd Wright Found. v. Kroeter*, 697 F. Supp. 2d 1118, 1125 (D. Ariz. 2010). Plaintiff has stated a

claim for breach of contract against TUSD.

### 3. Defamation

In Count IX, Plaintiff alleges that Defendant Ross committed defamation by publishing to various Arizona school districts that Plaintiff was under investigation. (Doc. 44 at 11.) But Plaintiff also alleges that he was, in fact, under investigation. In defamation actions, both in federal court and in the state of Arizona, the plaintiff must prove the falsity of the statement in order to succeed on a claim. *See Yetman v. English*, 168 Ariz. 71, 81 (1991); *see also Philadelphia Newspapers, Inc. v. Hepps,* 475 U.S. 767, 776 (1986). Therefore, Plaintiff fails state a claim for defamation.

### 4. Intentional Interference with a Business Relationship

The elements of a claim of intentional interference with a business relationship are: "(1) existence of a valid contractual relationship…, (2) knowledge of the relationship on the part of the interferor, (3) intentional interference inducing or causing a breach, (4) resultant damage to the party whose relationship has been disrupted, and (5) that the defendant acted improperly. *NCWC Inc. v. CarGuard Admin. Inc.*, 635 F. Supp 3d 815, 821-22 (D. Ariz. 2022) (citing *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Loc. No. 395 Pension Tr. Fund*, 201 Ariz. 474 (2002)). In Count X, Plaintiff alleges that Defendant Ross tortiously interfered with a business relationship, when the State Board sent notice to TUSD that Plaintiff was under investigation. (Doc. 44 at 11.) Plaintiff's allegations fail to state a claim. The notice of investigation was sent on June 15, 2021. (Doc. 44 at 5.) However, Plaintiff did not enter the contract he contends was interfered with until July 25, 2021. (*Id*. at 11.) Moreover, there was nothing improper in informing school districts that Plaintiff was under investigation, as he was under investigation.

### 5. Intentional Infliction of Emotional Distress

In Count XI, Plaintiff alleges that Defendant Ross committed the "tort of outrage" "by intentionally or recklessly sending extreme and outrageous notice . . . to Arizona School Districts that [Plaintiff] was under investigation." (*Id*.) The Court will construe

Plaintiff's claim as one for Intentional Infliction of Emotional Distress (IIED). To establish IIED, a plaintiff must show: (1) extreme and outrageous conduct by the defendant; (2) intent to cause emotional distress or reckless disregard of the near certainty that such distress will result from the defendant's conduct; and (3) severe emotional distress on the plaintiff's part that occurs as a result. *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1208 (9th Cir. 2016). "A plaintiff must show that the defendant's acts were 'so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 183 Ariz. 550, 905 P.2d 559, 563 (Ariz. Ct. App. 1995) (citing *Cluff v. Farmers Ins. Exch.*, 460 P.2d 666, 668 (Ariz. Ct. App. 1969). Here, the notices sent by Defendant Ross to the Arizona school districts are not so extreme and outrageous as to go beyond all possible bounds of decency. As such, Plaintiff fails to state a claim for IIED.

### III.     Leave to Amend and Remand

Plaintiff has stated a claim for breach of contract in Count VIII against TUSD. The remaining counts and Defendant Ross will be dismissed without prejudice. Having dismissed the Plaintiff's federal constitutional claims, the Court must determine whether to allow amendment. Taking Plaintiff's factual allegations as true, the Court concludes that it would be futile to amend as to Plaintiff's constitutional claims. Plaintiff's allegations establish that he was provided procedural due process with respect to investigation and resolution of his comment to a student. The comment was made by Plaintiff in his role as a public employee and, therefore, his subsequent censure for the comment does not state a First Amendment violation. Dismissal of the federal claims deprives this Court of subject matter jurisdiction. Consequently, the Court will remand

//
//
//
//

this action back to the state court. Therefore,

**IT IS ORDERED** Counts I, II, III, IV, V, VI, VII, IX, X, XI, and XII of the Second Amended Complaint (Doc. 44) are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this case to Pima County Consolidated Justice Court and close its file in this action.

Dated this 25th day of April, 2024.

*/s/ Jennifer G. Zipps*
Jennifer G. Zipps
United States District Judge